IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| SMART PROFITABILITY SOLUTIONS, LLC, d/b/a SMART SAFETY GULF COAST,<br><br>Plaintiff,<br><br>v.<br><br>DOUBLE CHECK RISK SOLUTIONS, LLC, and JOHN MARSHA, II,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-CV-706-MHC |

## ORDER

This case comes before the Court on Plaintiff Smart Profitability Solutions, LLC, d/b/a Smart Safety Gulf Coast ("SMART")'s Motion for Temporary Restraining Order [Doc. 5] ("Mot. for TRO"), Motion for Leave to File Matters Under Seal [Doc. 7], and Motion to Expedite Discovery [Doc. 8], as well as Defendant John Marsha, II ("Marsha")'s Plea of Bankruptcy Stay [Doc. 14].

On February 27, 2018, the Court ordered that Defendants Double Check Risk Solutions, LLC ("Double Check") and Marsha file their responses to SMART's Motion for TRO, Motion for Leave to File Matters Under Seal, and

Motion to Expedite Discovery on or before Monday, March 5, 2018. See Feb. 27, 2018, Order [Doc. 13]. On March 5, 2018, Marsha filed a Plea of Bankruptcy Stay, notifying the Court that on March 4, 2018, he filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, thus automatically staying this action as to him pursuant to 11 U.S.C. § 362. See In re John Clark Marsha and Elizabeth Reese Marsha, No. 18-40459-PWB (Bankr. N.D. Ga.). However, Defendant Double Check has yet to respond to any of SMART's motions, and it appears to the Court that it does not intend to do so.[1] See LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion."); Kramer v. Gwinnett Cty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.").

In its Complaint [Doc. 1] and Motion for TRO, SMART alleges that Marsha, while still employed as SMART's Business Development Officer, approached Brandon Chapman, SMART's Vice President of the Gulf Coast region, as well as Ted Low, SMART's Vice President of National Operations, and asked if they

---

[1] On March 6, 2018, SMART's counsel represented to the Court by e-mail that Defendants have instructed their counsel not to respond to SMART's Motion for TRO.

2

would be interested in starting a competing safety services company with him. See Compl. [Doc. 1] ¶¶ 21-22; Decl. of Brandon Chapman [Doc. 5-5] ¶ 5; Decl. of Ted Low [Doc. 5-6] ¶ 11. Shortly afterwards, on or about November 16, 2017, Defendant Double Check—a company that provides services substantially similar to those provided by SMART—filed its Articles of Organization with the Georgia Secretary of State, with Marsha as its president. Compl. ¶ 23. On December 18, 2017, Marsha voluntarily and unexpectedly resigned from SMART, at which time he represented to SMART's CEO that he was leaving to become president of an entity that was not a competitor to SMART. Id. ¶¶ 24-25.

SMART alleges that Marsha's actions were in violation of a confidentiality, non-compete, and non-competition agreement effective at the time of Marsha's employment with SMART, and further that Marsha (1) saved files containing SMART's proprietary and trade secret information to external devices days before leaving the company, and never returned these devices and (2) regularly worked on Double Check-related files while still employed at SMART, during which time he attempted to recruit existing SMART customers on behalf of Double Check. Id. ¶¶ 10-16, 29-38; see generally Decl. of Chase Ritchey [Doc. 5-10]; Decl. of Robert L. Turner, III [Doc. 5-2] ¶¶ 6-12. Based on these allegations, SMART brings the following claims in its Complaint: Breach of Contract against Defendant Marsha

3

(Count I); Breach of Fiduciary Duty against Defendant Marsha (Count II); Misappropriation of Trade Secrets against both Defendants (Count III); Civil Conspiracy against both Defendants (Count IV); Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030(A)(2)(C), against Defendant Marsha (Count V); and Unjust Enrichment against both Defendants (Count VI).

Having thoroughly reviewed the record in this case, the Court finds that SMART has sufficiently shown (1) a substantial likelihood of success on the merits; (2) that a temporary restraining order is necessary to prevent irreparable injury; (3) that this threatened injury outweighs the harm it would inflict on Defendants; and (4) that a temporary restraining order would serve the public interest. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005). Accordingly, for good cause shown, it is hereby **ORDERED** that SMART's Motion for Temporary Restraining Order [Doc. 5] is **GRANTED** as to Defendant Double Check. By virtue of the Court's Order, it is hereby **ORDERED** that Double Check, as well as its representatives, employees, agents, and assigns, is hereby enjoined from:

> (1) using and possessing SMART's confidential information and/or trade secrets. Double Check is ordered to produce to SMART's counsel any and all information belonging to SMART within its possession, custody or control, no later than March 12, 2018.

4

(2) doing business with or soliciting for business any actual or potential customer of SMART, with which SMART has done business or solicited for business within the past two years;

(3) using any marketing and/or operational materials copied, sourced or otherwise derived, in whole or in part, from SMART's information;

(4) breaching (or aiding the breach of) Marsha's employment agreement with SMART, in particular its non-disclosure and non-recruitment provisions.

It is further **ORDERED** that SMART's Motion for Leave to File Matters Under Seal [Doc. 7] is **GRANTED**.[2] SMART may filed Exhibits G and H to the Declaration of Chase Ritchey [Docs. 6-1 & 6-2] under seal.

It is further **ORDERED** that SMART's Motion to Expedite Discovery [Doc. 8] is **GRANTED** as to Defendant Double Check. Double Check shall provide

---

[2] SMART's Exhibits G and H contain proprietary and/or secret trade information, including names of Plaintiff's customers, revenue associated with those customers, and Plaintiff's historical profit and loss data (including profit margin information), all of which Plaintiff claims to treat as highly confidential. See Mot. for Leave to File Matters Under Seal at 1-2. Although the filing of documents under seal is generally disfavored by this Court and the Eleventh Circuit, see Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007), a party seeking to have material sealed can overcome the common-law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury," NXP B.V. v. Research In Motion, Ltd., No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013), or where "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246. The Court finds that SMART has shown good cause for sealing Exhibits G and H.

complete written responses and produce all documents and materials (including computers, cell phones, and electronic storage devices) responsive to Plaintiff's discovery requests, attached as Exhibits 1-4 to SMART's Motion for Expedited Discovery [Docs. 8-1 through 8-4], on or before March 19, 2018.

Finally, in light of the automatic stay now in effect pursuant to 11 U.S.C. § 362, Defendant John Marsha, II's Plea of Bankruptcy Stay [Doc. 14] is **GRANTED**. SMART shall notify the Court if and when the bankruptcy court's stay as to Defendant Marsha is lifted, and whether SMART intends to proceed with its claims against him at that time.

**IT IS SO ORDERED** this 7th day of March, 2018.

MARK H. COHEN
United States District Judge